UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------------x

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Orion Healthcorp, Inc., Constellation Healthcare Technologies, Inc., NEMS Acquisition, LLC, Northeast Medical Solutions, LLC, NEMS West Virginia, LLC, Physicians Practice Plus, LLC, Physicians Practice Plus Holdings, LLC, Medical Billing Services, Inc., Rand Medical Billing, Inc., RMI Physician Services Corporation, Western Skies Practice Management, Inc., Integrated Physician Solutions, Inc., NYNM Acquisition, LLC, Northstar FHA, LLC, Northstar

First Health, LLC, Vachette Business Services, Ltd., MDRX Medical Billing, LLC, VEGA Medical Professionals, LLC, Allegiance Consulting Associates, LLC, Allegiance Billing & Consulting, LLC, and Phoenix Health, LLC (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") and are not intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an individual-company basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Upon information and belief, the Debtors' historical books and records, including financial information may be incomplete or inaccurate. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, including, without limitation, by seeking to retrieve their corporate records from third parties, inadvertent errors or omissions, as well as the subsequent discovery of conflicting or additional information, may require the Debtors to amend the Schedules and Statements. The Debtors reserve all rights to amend the Schedules and Statements from time to time as needed.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions (whether negligent or otherwise) in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, amend, modify, revise, or recategorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, amended, modified, revised, or recategorized. The Debtors, on behalf of themselves, their officers, employees, agents, attorneys, and financial advisors, disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each Debtor, Daniel S. Jones of FTI Consulting, Inc., who is the interim Chief Financial Officer of each of the Debtors. In reviewing and signing the Schedules and Statements, the representative relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

### Global Notes and Overview of Methodology

1. **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim description, designation, or Debtor against which the claim is asserted; (ii) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any claim as "disputed," "contingent," or "unliquidated"; or (iv) object to the extent, validity, enforceability, priority, or avoidability of any claim, except as previously waived or stipulated by the Debtors. Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving claims, substantive consolidation, defenses, equitable subordination, recharacterization, other equitable rights or remedies, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant nonbankruptcy law. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph or the record of these chapter 11 cases. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2. **Description of Cases and "As of" Information Date.** On March 16, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 29, 2018, the Bankruptcy Court entered an order directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases [D.I. 34].

   The asset and liability information provided in the Schedules and Statements, except as otherwise noted, represents the asset and liability data of the Debtors as of the close of business on March 15, 2018.

3.     **Net Book Value of Assets.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets for purposes of the Schedules and Statements.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the close of business on March 15, 2018.  Additionally, because the net book values of certain assets may materially differ from their fair market values, they may be listed as undetermined or unknown amounts as of the Petition Date.  Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4.     **Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.     **Real Property and Personal Property Leased.**  In the ordinary course of their businesses, the Debtors leased real property and various articles of personal property, including fixtures and equipment, from certain third-party lessors.  The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements.  However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

6.     **Excluded Assets and Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  If additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Debtors have excluded certain categories of assets, accruals, and liabilities from the Schedules and Statements, including, without limitation, possible deferred gains.  In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding claims on a post-petition basis, including, but not limited to, prepetition claims related to insurance policies, critical vendors, wages and compensation. Consequently, the amounts reflected in the Schedules and Statements are the Debtors' best effort to report the aggregated amount due from each Debtor to each creditor net of any post-petition payments.

7.    **Intercompany Balances and Underlying Activity.**  The Debtors are still assessing the nature and amounts of the intercompany transactions on an entity level.  As such, these balances and any related intercompany activity have been excluded from the Schedules and Statements pending further review.

8.    **Insiders.**    Solely for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors, (b) senior level officers, (c) equity holders, holding in excess of 5% of the voting securities of the Debtor-entities, (d) Debtor-affiliates, and (e) relatives of any of the foregoing (to the extent known by the Debtors).  Entities or persons listed as "insiders" have been included for informational purposes, and their inclusion shall not constitute an admission that those entities or persons are insiders for purposes of section 101(31) of the Bankruptcy Code.

9.    **Intellectual Property Rights.**  The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights do not exist or have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.    **Executory Contracts and Unexpired Leases.**  Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to the appropriate Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Moreover, other than real property leases reported in Schedule A/B, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.

11.    **Materialman's/Mechanic's Liens.**  The assets listed in the Schedules and Statements are presented without consideration of materialman's or mechanic's liens, if any such liens exist.

12.    **Classifications.**  Listing a claim or contract on (a) Schedule D as "secured," (b) Schedule E/F, Part 1 as "priority," (c) Schedule E/F, Part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired" does not constitute (i) an admission by the Debtors of the legal rights of the claimant, (ii) a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases, (iii) a waiver to exercise their rights to set off against such claims, or (iv) a waiver of defaults.

13. **Claims Description.** Schedules D and E/F permit each Debtor to designate a claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a claim on the given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such claim is not subject to objections or defenses. Moreover, listing a claim does not constitute an admission of liability by the Debtors.

14. **Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other nonbankruptcy laws. The Debtors reserve all of their respective rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counter-claim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed, or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") each Debtor may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver or release of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

15. **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

   a. Undetermined Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such an amount.

   b. Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts included in the sum, the actual totals may be different than the listed totals.

   c. Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16. **Estimates and Assumptions.** Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, which differences may be material.

17. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. Dollars.

18.     **Setoffs.** The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules and Statements, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

19.     **Employee Addresses.** Current employee addresses on the Schedules and Statements have been substituted with the address of Constellation Healthcare Technology, Inc.'s headquarters. For former employees, the Debtors' have provided the last known address for such individual.

20.     **Global Notes Control.** If the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## Specific Disclosures with Respect to the Debtors' Schedules of Assets and Liabilities

As stated above, the Schedules do not purport to represent financial statements prepared in accordance with GAAP and are not intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of the Debtors. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

1.     **Schedule A/B.** All values set forth in Schedule A/B are presented per the Debtors' books and records and reflect the net book value of the Debtors' assets as of the close of business on March 15, 2018. NYNM Acquisition, LLC and Northstar FHA, LLC are not set up as entities with their own books and records in the Debtors' accounting and financial reporting system. As such, there are no values associated with these entities within Schedules A/B.

2.     **Schedule A/B, Part 1, Question 3 – Checking, savings, or other financial accounts**

To the extent Debtors maintain bank accounts for non-Debtor entities, these accounts have been excluded.

3.     **Schedule A/B, Part 2, Question 7 – Deposits, including security deposits and utility deposits**

Deposit balances are presented per the Debtors' historical books and records and are not adjusted for deposit offsets or other adjustments that are still pending the Debtors' review and approval. Due to these pending adjustments deposit balances are subject to change.

4. **Schedule A/B, Part 2, Question 8 – Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Prepayment balances are presented per the Debtors' historical books and records and are not adjusted for prepayment offsets or other adjustments that are still pending Debtors' review and approval. Due to these pending adjustments, prepayment balances are subject to change.

5. **Schedule A/B, Part 3, Question 11 – Accounts receivable**

Accounts receivable balances are presented per Debtors' historical books and records and are not adjusted for bad debt write-offs or other adjustments that are still pending Debtors' review and approval. Due to these pending adjustments accounts receivable balances are subject to change.

6. **Schedule A/B, Part 4, Question 15 – Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an LLC, partnership or joint venture**

The current values of the Debtors' interests in affiliated entities is currently unknown.

7. **Schedule A/B, Part 7, Questions 39-45 – Office Furniture, Fixtures, equipment & collectibles**

The current value of the Debtors' interests represents the net book value of assets that most closely match the General Description for questions 39-42, where applicable. Some assets included in Part 7 have been fully depreciated, in which case the current value of the Debtors' interests is zero. Additionally, the values of assets contained in Part 7 have not been adjusted to correct for inappropriate or inaccurate depreciation. These adjustments are still pending the Debtors' review and approval. As such, the values contained in Part 7 are subject to change.

8. **Schedule A/B, Part 10, Questions 60-65 – Intangibles and intellectual property**

The Debtors do not currently have amortization schedules available for the property listed in Part 10. The current value of the Debtors' interests represents the net book value of the respective property. The value of the property contained in this schedule has not been adjusted to correct for inappropriate or inaccurate amortization. These adjustments are still pending the Debtors' review and approval. As such, the values contained in Part 10 are subject to change.

9. **Schedule A/B, Part 11, Question 72 – Tax refunds and unused net operating losses (NOLs)**

Certain tax forms have yet to be filed with certain tax authorities.  The Debtors are performing an assessment of the tax refunds and NOLs related to prior periods.  As such, these values are subject to change.  Any tax refunds on the Debtors' 2016 tax returns were the result of payments made and/or prior year credits.  Additionally, refunds in Part 11 may be due to overpayments of franchise or other taxes based upon gross receipts.

10.    **Schedule A/B, Part 11, Question 73 – Interests in insurance policies or annuities**

Certain of the Debtors currently maintain a variety of insurance policies including property, general liability, and other employee-related policies.  To the extent the Debtors have made a determination of the amount of prepaid insurance premiums, such amounts are listed on Schedule A/B, Part 2, Question 8.  All policies are expected to remain active.  Furthermore, the Debtors do not have key man insurance policies.

11.    **Schedule D**

Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights, including certain parties from whom the Debtors have received lien notices but whose notices the Debtors understand have not yet been filed or recorded.  While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly burdensome or cost prohibitive, and, therefore, the Debtors may not list a date for each claim listed on Schedule D.

Finally, the Debtors are taking no position on the extent or priority of any particular creditor's lien in the Schedules or the Global Notes.

12.    **Schedule E/F**

To the extent any federal, state, or local tax obligations have accrued but are not yet due and payable, such obligations have not been included in Schedule E/F.

The claims of individual creditors for, among other things, goods and services are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowance, or other adjustments due from such creditors to the Debtors.  Additionally, some amounts entered may reflect a debit or negative balance.  These amounts are immaterial and should not be considered credits, allowances, or other adjustments.  The Debtors reserve all rights with regard to such credits, allowances, and other adjustments, including the right to assert claim objections and/or setoffs with respect to the same.

Pursuant to the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Wages and Compensation and Maintain and Constitute Employee Benefit Programs in the Ordinary Course and (II) Authorizing Banks to Honor and Process Checks and Transfers Related to Such Employee Obligations* [D.I. 98] (the "Wages Order"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, and other compensation and employee benefits.

As such, those amounts, even if due and owing as of the Petition Date, have since been paid. Consequently, those items are not included in the Schedules and Statements.

Schedule E/F does not include certain deferred charges, deferred liabilities, certain accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

To the Debtors' knowledge, all taxing authorities have been included. If no amount was indicated after the Debtors' professionals analysis as being expected to be owed, the "Unliquidated" claim box has been checked. All known litigation matters have been listed. For pending cases where no final judgement has been made, the "Contingent", "Unliquidated", and "Disputed" boxes have been checked.

Claims of individual creditors for items described as Trade Payables have been incurred at various periods and according to certain payment terms and have been marked as "various" where the form requests a "Date Debt Was Incurred".

13.    **Schedule G**

Although the Debtors have relied upon their respective existing books, records, and financial systems to identify and schedule executory contracts and unexpired leases (collectively, the "Agreements") for each Debtor, and commercially reasonable efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party or the remaining term of the Agreement, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Certain of the Agreements listed in Schedule G may have been entered into by more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement, and where a contract party remained uncertain, such Agreements may have been listed on a different Debtor's or multiple Debtors' Schedule G.

Listing a contract, agreement, or lease on Schedule G does not constitute an admission that such contract, agreement, or lease is an executory contract or unexpired lease or that such contract, agreement, or lease was in effect on the Petition Date or is valid or enforceable. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. The Debtors reserve all of their rights to dispute the validity, status, or enforceability of any Agreement set forth in Schedule G and to amend or supplement Schedule G as necessary.

In the ordinary course of business, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as indemnity agreements, subordination agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G. Omission of a contract, agreement, or lease from Schedule G does not constitute an admission that such omitted contract, agreement, or lease is not an executory contract or unexpired lease.

Schedule G may be amended at any time to add any omitted contracts, agreements, or leases. Certain of the Agreements listed in Schedule G may consist of several parts, including, amendments, restatements, waivers, letters, and other documents that may not be listed in Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts. Additionally, certain of the Agreements listed in Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights, which are not set forth separately in Schedule G. The Agreements listed in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified in Schedule G, each Agreement listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such Agreement, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors reserve all of their rights, claims, and causes of action with respect to the Agreements listed in Schedule G, including the right to (a) dispute the validity, status, or enforceability of any Agreement set forth in Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the Agreements listed in Schedule G; and (c) amend or supplement such Schedule as necessary.

14.    **Schedule H**

For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because

the Debtors have treated all such claims as contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H.

**Specific Disclosures with Respect to the Debtors' Statements of Financial Affairs**

1.    **Part 2, Question 4 - Payments or transfers made within 1 year preceding commencement of this case to creditors who are or were insiders**

Items in this list include items that are subject to dispute with American Express, which may include valid business-related charges.  As such, items in Question 4 are subject to change because of this dispute.  Due to incomplete records, the Debtors do not have the supporting details for the transactions related to this question.  The Debtors have included certain payments in the Statements that were made on behalf of the Debtors from sources outside of the Debtors' control.  The Debtors have made their best attempt to accurately provide such information.

2.    **Part 4, Question 9 - Gifts made within 2 years preceding commencement of this case, with an aggregate value over $1,000**

Due to incomplete records, the Debtors do not have all the supporting details of some of the transactions related to this question.  The Debtors have made their best attempt to accurately provide such information.

3.    **Part 6, Question 13 - Other transfers - property transferred outside ordinary course of business within 2 years preceding commencement of this case**

Items in this list include items that are subject to dispute with American Express, which may include valid business-related charges.  As such, items in Question 13 are subject to change.  Due to incomplete records, the Debtors do not have the supporting details for the transactions related to this question.  The Debtors have included certain payments in the Statements that were made on behalf of the Debtors from sources outside of the Debtors' control.  The Debtors have made their best attempt to accurately provide such information.

4.    **Part 7, Question 14 - Previous locations of debtor, all premises occupied and vacated within 3 years preceding commencement of this case**

Due to incomplete records, the Debtors do not have information necessary to completely answer this question.  For some dates of occupancy, the Debtors provided their best estimates for the time periods in which a location was occupied.

5.    **Part 13, Question 30 - Payments, distributions, or withdrawals credited to an insider within 1 year preceding commencement of this case**

Items in this list include items that are subject to dispute with American Express, which may include valid business-related charges.  As such, items in Question 30 are subject to change.  The Debtors have included certain payments in the Statements that were made on behalf of the Debtors from accounts outside of the Debtors' control.

6.      **Part 13, Question 26d - Creditors and other parties to whom a financial statement was issued within 2 years preceding commencement of this case**

Over the course of the last two years, the Debtors have been involved in several transactions in which their books and records may have been reviewed by several parties involved.  The parties include debt and equity investors, auditors, investment banks, consulting firms, counterparties and other individuals working on each of the transactions. The major transactions the Debtor has been involved in the last two years include the Debtors' "going private" transaction in January 2017, the acquisition of New York Network Management, L.L.C. in March 2017, and the sale of substantially all of the assets of Debtor Vachette Business Services, Ltd. in March 2018.  In addition to these transactions, the Debtors have shared financial statements with several bank lenders and their professionals in the ordinary course of business as such reporting all of the individual recipients would be onerous and consequently, the Debtors did not attempt to report that information as part of the schedules and statements.

7.      **Part 13, Question 29 - Officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor within 1 year before the filing who no longer hold these positions**

The Debtors do not have complete information regarding the former management of the Debtors.  However, the Debtors have provided such information to the best of their ability and made some assumptions in doing so.  For example, where the Debtors were aware of former board members, the Debtors assumed that such board members held the position over all Debtor entities that are a corporation.

13

| Fill in this information to identify the case: |
| --- |

Debtor    Constellation Healthcare Technologies Inc.

United States Bankruptcy Court for the:   EASTERN DISTRICT OF NEW YORK

Case number    18-71749
(if known)

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

**Part 1:**    **Summary of Assets**

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a.   **Real property:**
      Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| NA |
| --- |

   1b.   **Total personal property:**
      Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| $2,012,774.14 |
| --- |

   1c.   **Total of all property:**
      Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| $2,012,774.14 |
| --- |

**Part 2:**    **Summary of Liabilities**

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

| $159,272,474.78 |
| --- |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

   3a.   **Total claim amounts of priority unsecured claims:**
      Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

| UNKNOWN |
| --- |

   3b.   **Total amount of claims of nonpriority amount of unsecured claims:**
      Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . . .

| +     $39,595,101.76 |
| --- |

4. Total liabilities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b

| $198,867,576.54 |
| --- |

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

**1.  DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2.  CASH ON HAND**
   N/A

**3.  CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
   *(IDENTIFY ALL)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.  SUNTRUST | OPERATING ACCOUNT | 3309 | $12,774.14 |

**4.  OTHER CASH EQUIVALENTS**
   N/A

**5  Total of Part 1.**
   ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80.         $12,774.14

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

**6.  DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

Current value of
debtor's interest

**7.  DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**
   DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

**8.  PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**
   DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
|---|---|---|---|---|
| | (Name) | | | |

| 9 | **Total of Part 2.** | |
|---|---|---|
| | ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | |

---

**Part 3:   ACCOUNTS RECEIVABLE**

**10.  DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11.  ACCOUNTS RECEIVABLE**

| 12 | **Total of Part 3.** | |
|---|---|---|
| | CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | |

---

**Part 4:   INVESTMENTS**

**13.  DOES THE DEBTOR OWN ANY INVESTMENTS?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14.  MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1** | | |
| NAME OF FUND OR STOCK: | | |
| N/A | | |
| **15.  NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | |

| Name of entity | % of ownership | | |
|---|---|---|---|
| 15.1.   ORION HEALTHCORP, INC. | 100% | HISTORICAL COST | UNKNOWN |

**16.  GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

N/A

| 17 | **Total of Part 4.** | UNKNOWN |
|---|---|---|
| | ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | |

---

**Part 5:   INVENTORY, EXCLUDING AGRICULTURE ASSETS**

**18.  DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.  RAW MATERIALS** | | | | |
| **20.  WORK IN PROGRESS** | | | | |
| **21.  FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22.  OTHER INVENTORY OR SUPPLIES** | | | | |

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

**23.** **Total of Part 5.**
ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84.

**24.** **Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25.** **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes    Book value _____    Valuation method _____    Current value _____

**26.** **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 6:    FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

**27.** **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**28.** **CROPS—EITHER PLANTED OR HARVESTED**

**29.** **FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:*
LIVESTOCK, POULTRY, FARM-RAISED FISH

**30.** **FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)**
(OTHER THAN TITLED MOTOR VEHICLES)

**31.** **FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED**

**32.** **OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6**

**33.** **Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.

**34.** **Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
      ☒ No
      ☐ Yes

**35.** **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36.** **Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37.** **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

**Part 7:    OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES**

**38.** **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
☒ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39.** **OFFICE FURNITURE**

**40.** **OFFICE FIXTURES**

---

Debtor  Constellation Healthcare Technologies Inc.  _____  Case number (if known)  18-71749
_____
(Name)

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 41. **OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 42. **COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

43 **Total of Part 7.**
ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

46. **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| 48. **WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| 49. **AIRCRAFT AND ACCESSORIES** | | | |
| 50. **OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |

51 **Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

| Part 9: | REAL PROPERTY |
|---|---|

54. **DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

55. **ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

---

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|--------|---------------------------------------------|-------------------------|----------|
|        | (Name)                                      |                         |          |

**55.  ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**56  Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

**57.  Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58.  Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 10:  INTANGIBLES AND INTELLECTUAL PROPERTY

**59.  DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**60.  PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS**

**61.  INTERNET DOMAIN NAMES AND WEBSITES**

**62.  LICENSES, FRANCHISES, AND ROYALTIES**

**63.  CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS**

**64.  OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY**

**65.  GOODWILL**

**66  Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

**67.  Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☒ No
☐ Yes
  ..

**68.  Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

**69.  Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 11:  ALL OTHER ASSETS

**70.  DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71.  NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
|---|---|---|---|---|
| | (Name) | | | |

| | | | Current value of debtor's interest |
|---|---|---|---|

**71. NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)

| | | | |
|---|---|---|---|
| ADVANCE REQUEST FUNDING OF LOAN TO NATIONAL ACO, LLC ("NACO") | $2,000,000 | − | = ➔ |
| | total face amount | doubtful or uncollectable accounts | |

$2,000,000.00

**72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)

N/A

**73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

N/A

**74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

N/A

**75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

**Nature of claim**     ACTION AGAINST PAUL PARMAR AND CERTAIN OTHER INDIVIDUALS SEEKING
**Amount requested**    COMPENSATION FOR DIVERSION OF DEBTOR'S ASSETS FOR OWN BENEFITS
                        AND BENEFIT OF OTHERS.
PLAINTIFFS SEEK TO RECOVER AS FRAUDULENT TRANSFERS THE ESCROW FUNDS AND THE PARMAR
SHAREHOLDER REDEMPTION PAYMENTS.

UNDETERMINED

**76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

N/A

**77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

N/A

**78 Total of Part 11.**
ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90.

$2,000,000.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 12:**   Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $12,774.14 | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83. Investments.** *Copy line 17, Part 4.* | UNKNOWN | |
| **84. Inventory.** *Copy line 23, Part 5.* | | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

---

**87.** **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.*

**88.** **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ [ ]

**89.** **Intangibles and intellectual property.** *Copy line 66, Part 10.*

**90.** **All other assets.** *Copy line 78, Part 11.*     **+**   $2,000,000.00

**91.** **Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a.   $2,012,774.14   **+** 91b [ ]

**92.** **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,012,774.14

---

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Constellation Healthcare Technologies Inc.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK</td></tr>
<tr><td>Case number<br>(if known)</td><td>18-71749</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                12/15

**Be as complete and accurate as possible.**

1.  1. Do any creditors have claims secured by debtor's property?
    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
    ☒ Yes. Fill in all of the information below.

**Part 1:    List All Creditors with Secured Claims**

2.    List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | | Column A<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|---|
| 2.1 | **Creditor's name**<br>BANK OF AMERICA, N.A., AS ADMIN AGENT<br><br>**Creditor's mailing address**<br>BANK OF AMERICA, N.A. CREDIT SERVICES<br>ATTN: BRENDA SCHRINER; TX1-492-14-11<br>901 MAIN STREET<br>DALLAS, TX 75202-3714<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>1/30/2017<br><br>**Last 4 digits of account number: 2995**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>1ST LIEN ON SUBSTANTIALLY ALL ASSETS OF THE DEBTORS<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | $158,200,710.89 | UNKNOWN |
| 2.2 | **Creditor's name**<br>BANK OF AMERICA, N.A., AS ADMIN AGENT<br><br>**Creditor's mailing address**<br>BANK OF AMERICA, N.A. CREDIT SERVICES<br>ATTN: BRENDA SCHRINER; TX1-492-14-11<br>901 MAIN STREET<br>DALLAS, TX 75202-3714<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br>2/22/2018<br><br>**Last 4 digits of account number: 5917**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>1ST LIEN ON SUBSTANTIALLY ALL ASSETS OF THE DEBTORS<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | $1,071,763.89 | UNKNOWN |

| | | |
|---|---|---|
| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $159,272,474.78 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Constellation Healthcare Technologies Inc.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK</td></tr>
<tr><td>Case number<br>(if known)</td><td>18-71749</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1.    Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☐ No. Go to Part 2.
☑ Yes. Go to line 2.

**2.    List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address** | UNKNOWN | UNKNOWN |

**As of the petition filing date, the claim is:**
*Check all that apply.*

DEPARTMENT OF THE TREASURY INTERNAL
REVENUE SERVICE CENTER
OGDEN, UT  84201-0012

☐ Contingent
☑ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

2016

**Basis for the claim:**
INCOME TAX

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Specify Code subsection of PRIORITY
unsecured claim:** 11 U.S.C. § 507(a) ()

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

**3.    List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address** | $1,151,111.72 |

**As of the petition filing date, the claim is:**
*Check all that apply.*

AAKB INVESTMENTS LIMITED
C/O CAREY GROUP
1ST AND 2ND FLOORS ELIZABETH HOUSE
LES RUETTES BRAYES
ST PETER PORT, GUERNSEY  GY1 4LX

☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**

1/31/2018

**Basis for the claim:**
NOTEHOLDER

**Last 4 digits of account number:**

**Is the claim subject to offset?**
☑ No
☐ Yes

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page | | |

| | | | Amount of claim |
|---|---|---|---|

**3.2** **Nonpriority creditor's name and mailing address**

AMERICAN EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC.
200 VESEY STREET
NEW YORK, NY 10285
USA

**Date or dates debt was incurred**

12/28/2017

**Last 4 digits of account number: N/A**

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
LITIGATION: BREACH OF CONTRACT

**Is the claim subject to offset?**
☒ No
☐ Yes

UNKNOWN

---

**3.3** **Nonpriority creditor's name and mailing address**

AXIS MEDICAL SERVICES LLC
C/O ROBINSON BROG
9TH FLOOR 895 3RD AVENUE
NEW YORK, NY 10022 USA

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

$1,286,477.44

---

**3.4** **Nonpriority creditor's name and mailing address**

BEAUFORT NOMINEES LIMITED
C/O SAMI ESIROGLU
131 FINSBURY PAVEMENT
LONDON
EC2A 1NT

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

$6,370.45

---

**3.5** **Nonpriority creditor's name and mailing address**

BLUE MOUNTAIN HEALTHCARE LLC
C/O ROBINSON BROG LEINWAND GREENE
GENOVESE AND GLUCK
875 THIRD AVENUE 9TH FLOOR
NEW YORK, NY 10024
USA

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

$7,325,994.28

---

**3.6** **Nonpriority creditor's name and mailing address**

CAPITA IRG TRUSTEES (NOMINEES)
LIMITED
THE REGISTRY
34 BECKENHAM ROAD
BECKENHAM, KENT BR3 4TU

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

$12,837,865.43

---

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page | | |
|---|---|---|---|

| | | Amount of claim |
|---|---|---|

| 3.7 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $8,600.00 |
|---|---|---|---|

CFS PORTFOLIO MANAGEMENT LIMITED
JAPONICA HOUSE
8 SPRING VILLA PARK
EDGWARE
MIDDLESEX, HA8 7EB

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

---

| 3.8 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $10,687,923.91 |
|---|---|---|---|

CHT HOLDCO LLC
C/O ROBINSON BROG LEINWAND
GENOVESE AND GLUCK
875 THIRD AVENUE 9TH FLOOR
NEW YORK, NY  10023
USA

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

---

| 3.9 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN |
|---|---|---|---|

CRITERIONS, LLC
CO KAVLICH ASSOCIATES PC
ATTN MATTHEW D KASPER ESQ
181 WESTCHESTER AVE SUITE 500C
PORT CHESTER, NY  10573
USA

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Date or dates debt was incurred**

3/9/2016

**Last 4 digits of account number: N/A**

**Basis for the claim:**
LITIGATION: BREACH OF CONTRACT

**Is the claim subject to offset?**
☒ No
☐ Yes

---

| 3.10 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN |
|---|---|---|---|

GSS INFOTECH ("GSS")
CO BARNETT GARCIA PLLC
3821 JUNIPER TRACE SUITE 108
AUSTIN, TX  78738
USA

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Date or dates debt was incurred**

10/1/2016

**Last 4 digits of account number: N/A**

**Basis for the claim:**
LITIGATION: BREACH OF CONTRACT,
QUANTUM MERUIT, AND UNJUST
ENRICHMENT

**Is the claim subject to offset?**
☒ No
☐ Yes

---

| 3.11 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $12,740.90 |
|---|---|---|---|

JOHNSTON ASSET MANAGEMENT LTD
8 NETHERCLIFFE AVENUE
NETHERLEE
GLASGOW
G44 3UP

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☒ Disputed

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
|---|---|---|---|---|
| | (Name) | | | |

| **Part 2:** | Additional Page | |
|---|---|---|

| | | Amount of claim |
|---|---|---|

**3.12**

**Nonpriority creditor's name and mailing address**

LEXINGTON LANDMARK SERVICES LLC
C/O ROBINSON BROG LEINWAND GREEN
GENOVESE AND GLUCK PC
875 THIRD AVENUE 9TH FLOOR
NEW YORK, NY  10022
USA

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

$301,000.00

---

**3.13**

**Nonpriority creditor's name and mailing address**

MR DAVID BEARDSALL
73 JEBB LANE
HAIGH
BARNSLEY
S75 4BT

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

$1,136.92

---

**3.14**

**Nonpriority creditor's name and mailing address**

MR DAVID FALCON BUTLER-COLE
APARTADO 53
SAO BARTOLOMEU DE MESSINES 8376-909
ALGARVE

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

$1,356.65

---

**3.15**

**Nonpriority creditor's name and mailing address**

MR JOHN JOSEPH JOHNSTON
8 NETHERCLIFFE AVENUE
NETHERLEE
GLASGOW
G44 3UP

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

$5,375.00

---

**3.16**

**Nonpriority creditor's name and mailing address**

MR MAX EDWARD ROYDE
13 ELMS ROAD
LONDON
SW4 9ER

**Date or dates debt was incurred**

1/31/2018

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**
NOTEHOLDER

**Is the claim subject to offset?**
☒ No
☐ Yes

$76,785.53

---

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|--------|---------------------------------------------|------------------------|----------|
| | (Name) | | |

| **Part 2:** | Additional Page |
|-------------|-----------------|

| | Amount of claim |
|---|---|

| 3.17 | **Nonpriority creditor's name and mailing address**<br>MRS KARIN JOHNSTON<br>8 NETHERCLIFFE AVENUE<br>GLASGOW<br>G44 3UP<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $5,375.00 |

| 3.18 | **Nonpriority creditor's name and mailing address**<br>MYMSMD LLC<br>FAO SOTIRIOS ZAHARIS<br>3400 ROUTE 35 SOUTH<br>SUITE 9A<br>HAZLET NEW JERSEY 07730, USA<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $133,568.75 |

| 3.19 | **Nonpriority creditor's name and mailing address**<br>N.Y. NOMINEES LIMITED<br>2 KING EDWARD STREET<br>LONDON<br>EC1A 1HQ<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $12,900.00 |

| 3.20 | **Nonpriority creditor's name and mailing address**<br>NORTRUST NOMINEES LIMITED LUA01<br>ACCT<br>50 BANK STREET<br>CANARY WHARF<br>LONDON, E14 5NT<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $637,037.26 |

| 3.21 | **Nonpriority creditor's name and mailing address**<br>NORTRUST NOMINEES LTD THD05 ACCT<br>GFS CUSTODY SERVICING - EMEA<br>NORTHERN TRUST<br>50 BANK STREET<br>LONDON, E14 5NT<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $79,629.55 |

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page | | Amount of claim |
|---|---|---|---|

| | | | **Amount of claim** |
|---|---|---|---|
| 3.22 | **Nonpriority creditor's name and mailing address**<br>PBPP LLC<br>ROBINSON BROG LEINWAND GREENE<br>GENOVESE AND GLUCK PC<br>875 THIRD AVENUE 9TH FLOOR<br>NEW YORK, NY 10025<br>USA<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $20,511.00 |
| 3.23 | **Nonpriority creditor's name and mailing address**<br>PBPP PARTNERS LLC<br>C/O ROBINSON BROG LEINWARD GREENE<br>GENOVESE AND GLUCK PC<br>875 THIRD AVENUE/9TH FLOOR<br>NEW YORK, NY 10027<br>USA<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $2,949,881.70 |
| 3.24 | **Nonpriority creditor's name and mailing address**<br>PPSR PARTNERS LLC<br>C/O ROBINSON BROG LEINWAND GREENE<br>GENOVESE AND GLUCK PC<br>875 THIRD AVENUE 9TH FLOOR<br>NEW YORK, NY 10026<br>USA<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $102,748.50 |
| 3.25 | **Nonpriority creditor's name and mailing address**<br>PULSAR ADVANCE CARE LLC<br>C/O ROBINSON BROG<br>875 3RD AVENUE<br>9TH FLOOR<br>NEW YORK, NY 10029<br>USA<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $674,887.58 |
| 3.26 | **Nonpriority creditor's name and mailing address**<br>VEGA ADVANCED CARE LLC<br>C/O ROBINSON BROG LEINWAND GREENE<br>GENOVESE AND GLUCK PC<br>875 THIRD AVENUE/9TH FLOOR<br>NEW YORK, NY 10028<br>USA<br><br>**Date or dates debt was incurred**<br>1/31/2018<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>NOTEHOLDER<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $1,275,824.19 |

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  | | Total of claim amounts |
|---|---|---|
| **5a.** Total claims from Part 1 | **5a.** | **UNKNOWN** |
| **5b.** Total claims from Part 2 | **5b. +** | **$39,595,101.76** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **5c.** | **$39,595,101.76** |

**Fill in this information to identify the case:**

Debtor    Constellation Healthcare Technologies Inc.

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK

Case number    18-71749
(if known)

☐ Check if this is an
amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|----|----|----|----|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 11/24/2016 AGREEMENT | AAKB INVESTMENTS LIMITED C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC ATTN SPECIAL COMMITTEE 3200 WILCREST DR, STE 600 HOUSTON, TX 77042 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | COMPREHENSIVE SERVICES AGREEMENT DTD 3/6/2015 AGREEMENT | ADP, LLC ATTN: MATT CERNOSEK ONE ADP BOULEVARD ROSELAND, NJ 07068 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | CONSULTING AGREEMENT DTD 11/24/2016 AGREEMENT | ALPHA CEPHEUS LLC ATTN: PAUL PARMJIT PARMAR |
| | State the term remaining | 11/24/2020 | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | TRANSFER DOCUMENT CERTIFICATES NO.1 & NO.1 ASSIGNMENT | ALPHA CEPHEUS LLC C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC ATTN SPECIAL COMMITTEE 3200 WILCREST DR, STE 600 HOUSTON, TX 77042 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
|---|---|---|---|---|
| | (Name) | | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016<br>AGREEMENT | ALPHA CEPHEUS LLC<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX  77042 |
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | ASSET PURCHASE AGREEMENT DTD 2/21/2018<br>AGREEMENT | AMBIORIX LLC |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 11/24/2016<br>AGREEMENT | AXIS MEDICAL SERVICES LLC<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX  77042 |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | FEE LETTER DTD 11/22/2016<br>SIDE LETTER | BANK OF AMERICA NA<br>ATTN: HEATHER STRICKLAND, SVP<br>BANK OF AMERICA, N.A. CREDIT SERVICES<br>901 MAIN STREET<br>DALLAS, TX  75202-3714 |
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | FORBEARANCE AGREEMENT DTD 11/10/2017<br>AGREEMENT | BANK OF AMERICA NA<br>ATTN: HEATHER STRICKLAND, SVP<br>BANK OF AMERICA, N.A. CREDIT SERVICES<br>901 MAIN STREET<br>DALLAS, TX  75202-3714 |
| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | LENDERS' DEMAND FOR PAYMENT & SUMMARY OF CLAIMS DTD 1/2/2018<br>SIDE LETTER | BANK OF AMERICA NA<br>ATTN: HEATHER STRICKLAND, SVP<br>BANK OF AMERICA, N.A. CREDIT SERVICES<br>901 MAIN STREET<br>DALLAS, TX  75202-3714 |

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
| | (Name) | | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.11 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | THIRD AMENDMENT TO CREDIT AGREEMENT DTD 2/22/2018<br>AMENDMENT | BANK OF AMERICA NA<br>ATTN: HEATHER STRICKLAND, SVP<br>BANK OF AMERICA, N.A. CREDIT SERVICES<br>901 MAIN STREET<br>DALLAS, TX  75202-3714 |
| 2.12 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | COMMITMENT LETTER DTD 11/22/2016<br>SIDE LETTER | BANK OF AMERICA NA<br>BANK OF AMERICA, N.A. CREDIT SERVICES<br>ATTN: BRENDA SCHRINER; TX1-492-14-11<br>901 MAIN STREET<br>DALLAS, TX  75202-3714 |
| 2.13 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 12/13/2016<br>AGREEMENT | BEAUFORT NOMINEES LIMITED<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX  77042 |
| 2.14 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | MEMBERSHIP INTERESTS PURCHASE AGREEMENT DTD 9/1/2016<br>AGREEMENT | BELLISIMO, MARK<br>C/O JOHN ESPOSITO<br>333 JERICHO TPKE, STE 102<br>JERICHO, NY  11753 |
| 2.15 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016<br>AGREEMENT | BLUE MOUNTAIN HEALTHCARE LLC<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX  77042 |
| 2.16 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | FORBEARANCE AGREEMENT DTD 11/10/2017<br>AGREEMENT | BMO HARRIS BANK NA<br>PAM WICKER<br>135 N. PENNSYLVANIA ST<br>INDIANAPOLIS, IN  46204 |

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
|---|---|---|---|---|
| | (Name) | | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.17** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | THIRD AMENDMENT TO CREDIT AGREEMENT DTD 2/22/2018 AMENDMENT | BMO HARRIS BANK NA PAM WICKER 135 N. PENNSYLVANIA ST INDIANAPOLIS, IN  46204 |
| **2.18** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | SUBORDINATED PROMISSORY NOTE (SERIES A) DTD 1/30/2017 RE: AGREEMENT & PLAN OF MERGER DTD 11/24/2016 PROMISSORY NOTE | CAPITA REGISTRARS LIMITED PO BOX 627<br><br>ST PETER PORT; GUERNSEY,  GY1 4PP UNITED KINGDOM |
| **2.19** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | SUBORDINATED PROMISSORY NOTE (SERIES B) DTD 1/30/2017 RE: AGREEMENT & PLAN OF MERGER DTD 11/24/2016 PROMISSORY NOTE | CAPITA REGISTRARS LIMITED PO BOX 627<br><br>ST PETER PORT; GUERNSEY,  GY1 4PP UNITED KINGDOM |
| **2.20** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | COMMITMENT LETTER DTD 11/22/2016 SIDE LETTER | CC CAPITAL CHT HOLDCO LLC ATTN: DOUG NEWTON 555 MADISON AVE, 26TH FL NEW YORK, NY  10022 |
| **2.21** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | FEE LETTER DTD 11/22/2016 SIDE LETTER | CC CAPITAL CHT HOLDCO LLC ATTN: DOUG NEWTON 555 MADISON AVE, 26TH FL NEW YORK, NY  10022 |
| **2.22** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | AGREEMENT & PLAN OF MERGER DTD 11/24/2016 AGREEMENT | CC CAPITAL MANAGEMENT LLC ATTN: CHINH CHU 555 MADISON AVE, 26TH FL NEW YORK, NY  10022 |

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.23 | **State what the contract or lease is for and the nature of the debtor's interest** | SUBORDINATED PROMISSORY NOTE (SERIES A) DTD 1/30/2017 RE: AGREEMENT & PLAN OF MERGER DTD 11/24/2016 PROMISSORY NOTE | CC CAPITAL MANAGEMENT LLC ATTN: CHINH CHU 555 MADISON AVE, 26TH FL NEW YORK, NY 10022 |
|---|---|---|---|
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |

| 2.24 | **State what the contract or lease is for and the nature of the debtor's interest** | SUBORDINATED PROMISSORY NOTE (SERIES B) DTD 1/30/2017 RE: AGREEMENT & PLAN OF MERGER DTD 11/24/2016 PROMISSORY NOTE | CC CAPITAL MANAGEMENT LLC ATTN: CHINH CHU 555 MADISON AVE, 26TH FL NEW YORK, NY 10022 |
|---|---|---|---|
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |

| 2.25 | **State what the contract or lease is for and the nature of the debtor's interest** | CONSULTING AGREEMENT DTD 11/24/2016 AGREEMENT | CHT HOLDCO LLC ATTN: PAUL PARMJIT PARMAR |
|---|---|---|---|
| | **State the term remaining** | 11/24/2020 | |
| | **List the contract number of any government contract** | | |

| 2.26 | **State what the contract or lease is for and the nature of the debtor's interest** | AGREEMENT & PLAN OF MERGER DTD 11/24/2016 AGREEMENT | CHT HOLDCO LLC C/O CC CAPITAL MANAGEMENT LLC ATTN CHINH CHU 555 MADISON AVE, 26TH FL NEW YORK, NY 10022 |
|---|---|---|---|
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |

| 2.27 | **State what the contract or lease is for and the nature of the debtor's interest** | SUBORDINATED PROMISSORY NOTE (SERIES A) DTD 1/30/2017 RE: AGREEMENT & PLAN OF MERGER DTD 11/24/2016 PROMISSORY NOTE | CHT HOLDCO LLC C/O CC CAPITAL MANAGEMENT LLC ATTN CHINH CHU 555 MADISON AVE, 26TH FL NEW YORK, NY 10022 |
|---|---|---|---|
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |

| 2.28 | **State what the contract or lease is for and the nature of the debtor's interest** | SUBORDINATED PROMISSORY NOTE (SERIES B) DTD 1/30/2017 RE: AGREEMENT & PLAN OF MERGER DTD 11/24/2016 PROMISSORY NOTE | CHT HOLDCO LLC C/O CC CAPITAL MANAGEMENT LLC ATTN CHINH CHU 555 MADISON AVE, 26TH FL NEW YORK, NY 10022 |
|---|---|---|---|
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.29 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016 <br> AGREEMENT | CHT HOLDCO LLC <br> C/O CC CAPITAL MANAGEMENT LLC <br> ATTN CHINH CHU <br> 555 MADISON AVE, 26TH FL <br> NEW YORK, NY  10022 |
|---|---|---|---|
| 2.30 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 12/13/2016 <br> AGREEMENT | CHT HOLDCO LLC <br> C/O WINSTON & STRAWN LLP <br> ATTN CHRIS ZOCHOWSKI, ESQ <br> 1700 K ST NW <br> WASHINGTON, DC  2006-3187 |
| 2.31 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 12/16/2016 <br> AGREEMENT | CHT HOLDCO LLC <br> C/O WINSTON & STRAWN LLP <br> ATTN CHRIS ZOCHOWSKI, ESQ <br> 1700 K ST NW <br> WASHINGTON, DC  2006-3187 |
| 2.32 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 2016 <br> AGREEMENT | CHT HOLDCO LLC <br> C/O WINSTON & STRAWN LLP <br> ATTN CHRIS ZOCHOWSKI, ESQ <br> 1700 K ST NW <br> WASHINGTON, DC  2006-3187 |
| 2.33 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | SUBORDINATED PROMISSORY NOTE (SERIES A) DTD 1/30/2017 <br> RE: AGREEMENT & PLAN OF MERGER DTD 11/24/2016 <br> PROMISSORY NOTE | CHT MERGERSUB INC <br> C/O CC CAPITAL MANAGEMENT LLC <br> ATTN CHINH CHU <br> 555 MADISON AVE, 26TH FL <br> NEW YORK, NY  10022 |
| 2.34 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | SUBORDINATED PROMISSORY NOTE (SERIES B) DTD 1/30/2017 <br> RE: AGREEMENT & PLAN OF MERGER DTD 11/24/2016 <br> PROMISSORY NOTE | CHT MERGERSUB INC <br> C/O CC CAPITAL MANAGEMENT LLC <br> ATTN CHINH CHU <br> 555 MADISON AVE, 26TH FL <br> NEW YORK, NY  10022 |

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
|---|---|---|---|---|
| | (Name) | | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.35** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | AGREEMENT & PLAN OF MERGER DTD 11/24/2016 <br> AGREEMENT | CHT MERGERSUB INC <br> C/O WINSTON & STRAWN LLP <br> ATTN CHRIS ZOCHOWSKI, ESQ <br> 1700 K ST NW <br> WASHINGTON, DC  2006-3187 |
| **2.36** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016 <br> AGREEMENT | CONSTELLATION HEALTH LLC <br> C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC <br> ATTN SPECIAL COMMITTEE <br> 3200 WILCREST DR, STE 600 <br> HOUSTON, TX  77042 |
| **2.37** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | MEMBERSHIP INTERESTS PURCHASE AGREEMENT DTD 9/1/2016 <br> AGREEMENT | ESPOSITO, JOHN <br> C/O ABRAMS FENSTERMAN ET AL <br> ATTN PATRICK FORMATO <br> 3 DAKOTA DR, STE 300 <br> LAKE SUCCESS, NY  11042 |
| **2.38** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016 <br> AGREEMENT | FIRST UNITED HEALTH LLC <br> C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC <br> ATTN SPECIAL COMMITTEE <br> 3200 WILCREST DR, STE 600 <br> HOUSTON, TX  77042 |
| **2.39** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | CONFIDENTIALITY AGREEMENT DTD 1/19/2018 <br> NON-BINDING/DRAFT <br> AGREEMENT | INTEGRACONNECT LLC |
| **2.40** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 12/16/2016 <br> AGREEMENT | JOHNSTON ASSET MANAGEMENT LTD <br> C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC <br> ATTN SPECIAL COMMITTEE <br> 3200 WILCREST DR, STE 600 <br> HOUSTON, TX  77042 |

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.41** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 2016 AGREEMENT | JOHNSTON, JOHN <br> C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC <br> ATTN SPECIAL COMMITTEE <br> 3200 WILCREST DR, STE 600 <br> HOUSTON, TX  77042 |
| **2.42** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 2016 AGREEMENT | JOHNSTON, KARIN <br> C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC <br> ATTN SPECIAL COMMITTEE <br> 3200 WILCREST DR, STE 600 <br> HOUSTON, TX  77042 |
| **2.43** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | FORBEARANCE AGREEMENT DTD 11/10/2017 AGREEMENT | KEYBANK NATIONAL ASSOCIATION <br> STEPHEN JONES <br> 301 EAST FOURTH ST, STE 2900 <br> CINCINATTI, OH  45202 |
| **2.44** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | THIRD AMENDMENT TO CREDIT AGREEMENT DTD 2/22/2018 AMENDMENT | KEYBANK NATIONAL ASSOCIATION <br> STEPHEN JONES <br> 301 EAST FOURTH ST, STE 2900 <br> CINCINATTI, OH  45202 |
| **2.45** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 11/24/2016 AGREEMENT | LEXINGTON LANDMARK SERVICES LLC <br> C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC <br> ATTN SPECIAL COMMITTEE <br> 3200 WILCREST DR, STE 600 <br> HOUSTON, TX  77042 |
| **2.46** **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | COMMITMENT LETTER DTD 11/22/2016 SIDE LETTER | MERRIL LYNCH PIERCE FENNER & SMITH INC |

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
|---|---|---|---|
| | (Name) | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.47 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | FEE LETTER DTD 11/22/2016 SIDE LETTER | MERRIL LYNCH PIERCE FENNER & SMITH INC |
| 2.48 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016 AGREEMENT | MYMSMD LLC<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX 77042 |
| 2.49 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining** 11/24/2020<br><br>**List the contract number of any government contract** | EMPLOYMENT AGREEMENT DTD 11/24/2016 AGREEMENT | PARMAR, PAUL PARMJIT<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX 77042 |
| 2.50 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016 AGREEMENT | PARMAR, PAUL PARMJIT<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX 77042 |
| 2.51 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016 AGREEMENT | PBPP PARTNERS LLC<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX 77042 |
| 2.52 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016 AGREEMENT | PPSR PARTNERS LLC<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX 77042 |

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
| | (Name) | | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- | --- |
| 2.53 | **State what the contract or lease is for and the nature of the debtor's interest** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 11/24/2016 AGREEMENT | PULSAR ADVANCE CARE LLC C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC ATTN SPECIAL COMMITTEE 3200 WILCREST DR, STE 600 HOUSTON, TX  77042 |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| 2.54 | **State what the contract or lease is for and the nature of the debtor's interest** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 2016 AGREEMENT | SIR RODNEY C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC ATTN SPECIAL COMMITTEE 3200 WILCREST DR, STE 600 HOUSTON, TX  77042 |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| 2.55 | **State what the contract or lease is for and the nature of the debtor's interest** | FORBEARANCE AGREEMENT DTD 11/10/2017 AGREEMENT | STIFEL BANK & TRUST JULI VAN HOOK 501 N. BROADWAY, FL 6 ST. LOUIS, MO  63102 |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| 2.56 | **State what the contract or lease is for and the nature of the debtor's interest** | THIRD AMENDMENT TO CREDIT AGREEMENT DTD 2/22/2018 AMENDMENT | STIFEL BANK & TRUST JULI VAN HOOK 501 N. BROADWAY, FL 6 ST. LOUIS, MO  63102 |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| 2.57 | **State what the contract or lease is for and the nature of the debtor's interest** | EMPLOYMENT AGREEMENT DTD 3/15/2017 AGREEMENT | TO, TRUC NGOC |
| | **State the term remaining** | 3/15/2019 | |
| | **List the contract number of any government contract** | | |
| 2.58 | **State what the contract or lease is for and the nature of the debtor's interest** | CONSULTING AGREEMENT DTD 5/15/2017 AGREEMENT | TRUC N TO LLC ATTN: TRUC TO 6400 SPINNAKER LANE ALPHARETTA, GA  30005 |
| | **State the term remaining** | 5/15/2020 | |
| | **List the contract number of any government contract** | | |

| Debtor | Constellation Healthcare Technologies Inc. | Case number (if known) | 18-71749 |
| --- | --- | --- | --- |
| | (Name) | | |

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- |
| 2.59 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING & SUPPORT AGREEMENT & RELEASE OF CLAIMS DTD 11/24/2016 AGREEMENT | VEGA ADVANCED CARE LLC<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX 77042 |
| 2.60 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | FORBEARANCE AGREEMENT DTD 11/10/2017 AGREEMENT | WOODFOREST NATIONAL BANK<br>DAVID MACDONALD<br>865 FIGUEROA ST., STE 3300<br>LOS ANGELES, CA 90017 |
| 2.61 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | VOTING AND SUPPORT AGREEMENT AND RELEASE OF CLAIMS DTD 11/24/2016 AGREEMENT | ZAHARIS, SOTIRIOS<br>C/O CONSTELLATION HEALTHCARE TECHNOLOGIES INC<br>ATTN SPECIAL COMMITTEE<br>3200 WILCREST DR, STE 600<br>HOUSTON, TX 77042 |

| Fill in this information to identify the case: |
| --- |
| Debtor   Constellation Healthcare Technologies Inc. |
| United States Bankruptcy Court for the:  EASTERN DISTRICT OF NEW YORK |
| Case number   18-71749<br>(if known) |

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1.   Does the debtor have any codebtors?**

☐ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☒ Yes.

**2.   In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each
schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
| --- | --- | --- | --- |
| **Name** | **Mailing Address** | **Name** | *Check all schedules<br>that apply* |
| 2.1  ALLEGIANCE BILLING &<br>CONSULTING, LLC | 333 JERICHO TURNPIKE, STE 102<br>JERICHO, NY  17753 | BANK OF AMERICA, N.A., AS<br>ADMIN AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.2  ALLEGIANCE BILLING &<br>CONSULTING, LLC | 333 JERICHO TURNPIKE, STE 102<br>JERICHO, NY  17753 | BELLISIMO, MARK | ☐ D<br>☐ E/F<br>☒ G |
| 2.3  ALLEGIANCE BILLING &<br>CONSULTING, LLC | 333 JERICHO TURNPIKE, STE 102<br>JERICHO, NY  17753 | ESPOSITO, JOHN | ☐ D<br>☐ E/F<br>☒ G |
| 2.4  ALLEGIANCE CONSULTING<br>ASSOCIATES, LLC | 2 BROAD STREET, 3RD FLOOR<br>BLOOMFIELD, NJ  07003 | BANK OF AMERICA, N.A., AS<br>ADMIN AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.5  BROOKLYN MEDICAL<br>SYSTEMS IPA 3, INC. | 1ST FLOOR<br>9201 4TH AVE<br>BROOKLYN, NY  11209 | BANK OF AMERICA, N.A., AS<br>ADMIN AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.6  BROOKLYN MEDICAL<br>SYSTEMS IPA 4, INC. | 1ST FLOOR<br>9201 4TH AVE<br>BROOKLYN, NY  11209 | BANK OF AMERICA, N.A., AS<br>ADMIN AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.7  BROOKLYN MEDICAL<br>SYSTEMS IPA 5, INC. | 1ST FLOOR<br>9201 4TH AVE<br>BROOKLYN, NY  11209 | BANK OF AMERICA, N.A., AS<br>ADMIN AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.8  INTEGRATED PHYSICIAN<br>SOLUTIONS, INC. | 368 W. PIKE ST., STE 103<br>LAWRENCEVILLE, GA  30046 | BANK OF AMERICA, N.A., AS<br>ADMIN AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.9  MDRX MEDICAL BILLING,<br>LLC | ONE ARIN PARK,<br>1715 ROUTE 35 NORTH, SUITE 303,<br>MIDDLETOWN, NJ  07748 | BANK OF AMERICA, N.A., AS<br>ADMIN AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.10  MEDICAL BILLING<br>SERVICES, INC. | 3200 WILCREST DRIVE, SUITE 600,<br>HOUSTON, TX  77042 | BANK OF AMERICA, N.A., AS<br>ADMIN AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.11  NEMS ACQUISITION LLC | ONE ARIN PARK,<br>1715 ROUTE 35 NORTH, SUITE 303,<br>MIDDLETOWN, NJ  07748 | BANK OF AMERICA, N.A., AS<br>ADMIN AGENT | ☒ D<br>☐ E/F<br>☐ G |

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
|---|---|---|---|---|
| | (Name) | | | |

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply |
| 2.12 | NEMS WEST VIRGINIA, LLC | 417 GRAND PARK DRIVE, STE 204 PARKERSBURG, WV 26102 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.13 | NETWORK MANAGEMENT INSURANCE BROKERAGE SERVICES LLC | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY 11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.14 | NEW YORK NETWORK IPA, INC. | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY 11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.15 | NEW YORK NETWORK MANAGEMENT, L.L.C. | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY 11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.16 | NEW YORK PREMIER IPA, INC. | 1ST FLOOR 9201 4TH AVE BROOKLYN, NY 11209 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.17 | NORTHEAST MEDICAL SOLUTIONS, LLC | 3824 NORTHERN PIKE, STE 600 MONROEVILLE, PA 15146 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.18 | NORTHSTAR FHA, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ 07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.19 | NORTHSTAR FIRST HEALTH, LLC | 3400 HIGHWAY 35 SOUTH SUITE 9A, HAZLET, NJ 07730 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.20 | NYNM ACQUISITION, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ 07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.21 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY 17753 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☐ D ☐ E/F ☑ G |
| 2.22 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY 17753 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☐ D ☐ E/F ☑ G |
| 2.23 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY 17753 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☑ D ☐ E/F ☐ G |
| 2.24 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY 17753 | BMO HARRIS BANK NA | ☐ D ☐ E/F ☑ G |
| 2.25 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY 17753 | CAPITA REGISTRARS LIMITED | ☐ D ☐ E/F ☑ G |
| 2.26 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY 17753 | CC CAPITAL MANAGEMENT LLC | ☐ D ☐ E/F ☑ G |
| 2.27 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY 17753 | CHT HOLDCO LLC | ☐ D ☐ E/F ☑ G |
| 2.28 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY 17753 | CHT MERGERSUB INC | ☐ D ☐ E/F ☑ G |

| Debtor | Constellation Healthcare Technologies Inc. | | Case number (if known) | 18-71749 |
|---|---|---|---|---|
| | (Name) | | | |

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply |
| 2.29 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY  17753 | KEYBANK NATIONAL ASSOCIATION | ☐ D ☐ E/F ☒ G |
| 2.30 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY  17753 | STIFEL BANK & TRUST | ☐ D ☐ E/F ☒ G |
| 2.31 | ORION HEALTHCORP, INC. | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY  17753 | WOODFOREST NATIONAL BANK | ☐ D ☐ E/F ☒ G |
| 2.32 | PHOENIX HEALTH, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.33 | PHYSICIANS PRACTICE PLUS HOLDINGS LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.34 | PHYSICIANS PRACTICE PLUS LLC | 100 JERICHO QUADRANGLE, STE 235 JERICHO, NY  17753 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.35 | RAND MEDICAL BILLING, INC. | 1633 ERRINGER ROAD, FIRST FL SIMI VALLEY, CA  93065 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.36 | RMI PHYSICIAN SERVICES CORPORATION | 3200 WILCREST DRIVE, STE 600 HOUSTON, TX  77042 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.37 | VACHETTE BUSINESS SERVICES, LTD. | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | AMBIORIX LLC | ☐ D ☐ E/F ☒ G |
| 2.38 | VACHETTE BUSINESS SERVICES, LTD. | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.39 | VEGA MEDICAL PROFESSIONALS, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |
| 2.40 | VEGA MEDICAL PROFESSIONALS, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | BELLISIMO, MARK | ☐ D ☐ E/F ☒ G |
| 2.41 | VEGA MEDICAL PROFESSIONALS, LLC | ONE ARIN PARK, 1715 ROUTE 35 NORTH, SUITE 303, MIDDLETOWN, NJ  07748 | ESPOSITO, JOHN | ☐ D ☐ E/F ☒ G |
| 2.42 | WESTERN SKIES PRACTICE MANAGEMENT, INC. | 7175 WEST JEFFERSON AVENUE, STE 2500 LAKEWOOD, CO  80238 | BANK OF AMERICA, N.A., AS ADMIN AGENT | ☒ D ☐ E/F ☐ G |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Constellation Healthcare Technologies Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>EASTERN DISTRICT OF NEW YORK</td></tr>
<tr><td>Case number<br>(if known)</td><td>18-71749</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   5/15/2018
　　　　　　　MM / DD / YYYY

✗ /s/ Daniel S. Jones
Signature of individual signing on behalf of debtor

Daniel S. Jones
Printed name

Interim Chief Financial Officer
Position or relationship to debtor